UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CROWNLINE CONSTRUCTION, LLC                CIVIL ACTION

VERSUS                                     NO: 23-2728

DAMIAN M. ROBERTSON                        SECTION: "A" (2)

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 10)** filed by the defendant, Damian M. Robertson. The plaintiff, Crownline Construction, LLC, opposes the motion. The motion, submitted for consideration on September 13, 2023, is before the Court on the briefs without oral argument.

The plaintiff, Crownline Construction, LLC, has brought this breach of contract action against Damian M. Robertson, the defendant herein. Robertson's property located in Lutcher, Louisiana sustained damage during Hurricane Ida. (Rec. Doc. 1, Complaint ¶¶ 2, 5). Robertson's property was insured for the damage. Robertson entered into multiple contracts with Crownline, the first of which was executed on October 30, 2021. The crux of the complaint is that Robertson's insurer paid him for the damage to the property but he has refused to pay Crownline for the repair work. Crownline claims that Robertson owes $92,624 and that by refusing to pay Robertson has breached his contract(s) with Crownline. In addition to the $92,624, Crownline seeks contractual interest and attorney's fees. (*Id.* ¶¶ 19, 20).

Robertson now moves to dismiss the action arguing that Crownline was an unlicensed contractor thereby rendering the contract between Crownline and Robertson to be unenforceable. Robertson also contends that the amount in controversy is not satisfied thereby depriving a federal court of diversity jurisdiction.[1]

The Court begins, as it must, with the issue of subject matter jurisdiction. The asserted basis for federal subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332(a)(1), which requires complete diversity of the parties and an amount in controversy that exceeds $75,000.00, exclusive of interest and costs.

Robertson's position with respect to subject matter jurisdiction is that the amount in controversy does not exceed $75,000 even though Crownline has expressly alleged that Robertson owes $92,624 for work on the property. From a facial standpoint, the allegations support the required amount in controversy. But Robertson characterizes the alleged amount of $92,624 as being "inaccurate."

Robertson is raising a "factual attack" upon the complaint's jurisdictional amount, which means that the Court looks to affidavits, testimony, or other evidentiary materials, submitted by Robertson, that tend to undermine the amount in controversy alleged in the complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Ultimately, though it will be the plaintiff's burden to establish that the trial court does have subject

---

[1] Robertson goes on at length about a pending state court declaratory judgment action that he filed against Crownline before this civil action was filed in federal court. The pendency of an action in state court is no bar to proceedings concerning the same matter in federal court. See *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 1976) (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Therefore, the Court attaches no significance to the fact that Robertson filed suit in state court before Crownline filed this civil action in federal court.

matter jurisdiction. *Id.*

In support of his contention that Crownline's alleged jurisdictional amount is factually "inaccurate," Robertson directs the Court's attention to the roof contract, (Rec. Doc. 10-2, Exhibit A-1), which is only for $33,832.81. But the roof contract states on its face that the agreement is for the roof surface only and not reflective of any other work. Meanwhile, Crownline alleges that it completed a full demolition of Robertson's property, "as well as the tarping, framing and replacement of the property's roof." (Complaint ¶ 8). In other words, the allegations in the complaint are broader than just the roofing contract. Furthermore, this case appears to involve other contracts in addition to the roofing contract. Crownline attached one such contract for $174,653.55 to its opposition. (Rec. Doc. 11-1, Exhibit A). The Court notes that this particular contract is dated after Crownline became a licensed contractor in Louisiana.[2]

Surprisingly, given that Robertson obviously wants to have this lawsuit dismissed

---

[2] Although the motion to dismiss is not clear on this point, the Court suspects that Robertson's characterization of the jurisdictional amount as "inaccurate" is also based at least in part on his contention that the contract(s) at issue are null and void because Crownline was an unlicensed contractor. If this is the case, then there are at least two problems with Robertson's position insofar as the jurisdictional amount is concerned.

First, even if the contracts are ultimately found to be null, thereby forcing Crownline to pursue recovery on the theory of unjust enrichment, it does not necessarily follow that for purposes of the amount in controversy the contractual amounts claimed to be owed are to be ignored.

Second, Robertson completely ignores that while Crownline admits to being an unlicensed contractor when first contracting with Robertson, it later attained the proper licensing in Louisiana as of November 17, 2021 (Rec. Doc. 10-2, Exhibit B). Even if the first contract predated the contractor license, the other contracts of record appear to post-date the licensure date. Robertson never explains why the subsequent contracts, *i.e.*, those following licensure, would be subject to nullification. The Court expresses no opinion at this time whether they would be void or enforceable.

so that he can litigate his claims against Crownline in state court (and force Crownline to pursue the claims in this lawsuit as counterclaims in the state court case), Robertson has ignored the most obvious problem with Crownline's jurisdictional allegations, which is diversity of the parties. Robertson is a Louisiana citizen. But Crownline has not properly alleged its own citizenship for purposes of subject matter jurisdiction. Crownline is an LLC not a corporation. The Complaint states as follows:

> The Plaintiff, Crownline Construction, LLC, is [a] Texas limited liability company that is authorized to do, doing, and engaged in business in the Federal Eastern District of the State of Louisiana with its address and principal place of business in Waxahachie, Texas.

(Complaint ¶ 1).

The citizenship of an LLC is determined by the citizenship of <u>all</u> of its <u>members</u>, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), and the citizenship of those members must be "distinctly" and "<u>affirmatively</u>" alleged, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Id.* (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir.1991)).

The foregoing quoted allegation does not contain facts from which Crownline's citizenship can be determined. All of Crownline's members must be identified and their citizenship expressly alleged. Diversity jurisdiction cannot be established by negative inference so it will not suffice to simply allege that Crownline has no Louisiana members.

Having elected to bring this civil action in federal court, Crownline bears the

burden of establishing that subject matter jurisdiction is proper. This burden includes establishing both that the amount in controversy requirement is satisfied and that the parties are completely diverse in citizenship. Until jurisdiction is properly established over this case, the Court cannot act. Crownline must properly establish diversity jurisdiction by amending its Complaint to affirmatively allege the citizenship of each member of the LLC.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that on or before **October 6, 2023**, the plaintiff must move to amend its complaint to cure the jurisdictional deficiency identified above as to the citizenship of the parties. Failure to do so will result in this civil action being dismissed without further notice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 10)** filed by the defendant, Damian M. Robertson, is **DENIED** but without prejudice to Robertson's right to re-move for dismissal once the plaintiff amends his complaint to establish diversity jurisdiction.

September 22, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE