UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CROWNLINE CONSTRUCTION, LLC                    CIVIL ACTION

VERSUS                                          NO: 23-2728

DAMIAN M. ROBERTSON                             SECTION: "A" (2)

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 18)** filed by the defendant, Damian M. Robertson. The plaintiff, Crownline Construction, LLC, opposes the motion. The motion, submitted for consideration on November 22, 2023, is before the Court on the briefs without oral argument.

The plaintiff, Crownline Construction, LLC, has brought this breach of contract action against Damian M. Robertson, the defendant herein. Robertson's property located in Lutcher, Louisiana sustained damage during Hurricane Ida. (Rec. Doc. 1, Complaint ¶¶ 2, 5). Robertson's property was insured for the damage. Robertson entered into multiple contracts with Crownline, the first of which was executed on October 30, 2021. The crux of the complaint is that Robertson's insurer paid him for the damage to the property but he has refused to pay Crownline for the repair work. Crownline claims that Robertson owes $92,624 and that by refusing to pay Robertson has breached his contract(s) with Crownline. In addition to the $92,624, Crownline seeks contractual interest and attorney's fees. (*Id.* ¶¶ 19, 20).

Robertson previously moved to dismiss the action arguing that Crownline was an unlicensed contractor thereby rendering the contract between Crownline and Robertson to be unenforceable. Robertson also contended that the amount in controversy is not satisfied thereby depriving a federal court of diversity jurisdiction.

The Court rejected Robertson's contentions regarding the amount in controversy. (Rec. Doc. 12, Order and Reasons). The Court did note sua sponte that the citizenship of the parties was not properly pleaded and directed Crownline to amend its complaint in order to rectify the defect. Crownline's amended complaint was filed on October 13, 2023. (Rec. Doc. 17, Amended Complaint). It is now clear that Crownline is a citizen of Texas and that Robertson is a citizen of Louisiana. Therefore, the parties are completely diverse in citizenship.

In response to the amended complaint Robertson has filed another motion to dismiss which in part re-urges the contention that the amount in controversy is not satisfied.[1] For the reasons that the Court previously explained, which remain relevant because Robertson raises no new arguments regarding the amount in controversy, the allegations in the amended complaint satisfy Crownline's burden as to the amount in controversy. The parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court has subject matter jurisdiction over the case.

The balance of Robertson's motion to dismiss goes to the question of whether

---

[1] Robertson purports to incorporate by reference the prior motion to dismiss. Robertson is admonished that this is not an acceptable form of briefing.

the contracts between the parties are enforceable given Crownline's dubious status as a licensed contractor in this state. This contention goes *not* to the question of whether Crownline's allegations *state* a claim for relief but rather to the question of whether Crownline can ultimately prevail on its breach of contract theory. This is a merits based question, which Robertson raises in defense to the complaint, cannot be resolved on the pleadings.

In sum, the motion to dismiss is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 18)** filed by the defendant, Damian M. Robertson, is **DENIED.**

**IT IS FURTHER ORDERED** that a status conference with the Court and counsel is set for **Thursday, January 11, 2024, at 11:15 a.m.** in chambers to discuss the possibility of convening a principals' conference in this matter. Counsel shall bring their trial calendars so that a scheduling conference can take place while they are present in chambers.

December 1, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE